MARYLAND MOTOR CAR INSURANCE COMPANY  :    NO. 8356

VS                                    :    COURT OF APPEAL

JOSEPH A. DANNA                       :    PARISH OF ORLEANS

- - - - - -

* * *

WILLIAM A. BELL, JUDGE.

* * *

JUNE 25, 1923.

Read Deern

Haxaré of A.  -1-

June 25/23
H. J. Stansbury

By WILLIAM A. BELL, Judge.

The judgment appealed from was for defendant, dismissing plaintiff's suprogated claim for damages arising from a collision of automobiles. Issues of fact are alone involved herein, and for this reason the findings of the trial judge should be given great weight, but a careful examination of the evidence convinces us that the defendant was wholly at fault and that the judgment should be reversed.

The plaintiff company is subrogee of one, Chapman, owner of the car which was injured by plaintiff and damaged by defendant. There is no contention as to the nature or extent of the damages herein claimed to the amount of $263.83. Chapman, for plaintiff, and defendant, Danna, on his own behalf, are the only two witnesses testifying as to the causes and circumstances of the accident.

We find that about noon of Sunday, February 1, 1920, William M. Chapman, the owner of the damaged automobile, had parked his car in front of his store on the river side of Camp Street about sixty feet from the upper, river corner of Camp and Poydras Streets. At this point Chapman got into his car, and with the intention of going up Camp Street on the lake or wood side of Camp Street, he first took the direction down Camp Street, towards Poydras Street, and turning at a slow rate of speed, slightly into Poydras Street towards the river, he held out his hand to signal to a long line of slowly moving automobiles, which were on the down track of Camp Street, thus notifying them that he intended to turn into Poydras Street, to his left and towards the lake side of Camp Street. While pursuing this direction, he had crossed the down-going line of automobiles and had reached the middle of Poydras and Camp Streets, and was just about to turn up Camp Street, on the up-going car track, when he saw defendant's car bearing down upon him from the lake side of Camp

774

Street, at a distance, he says, of about thirty to forty feet away from him. In attempting to avoid defendant's car, he abandoned his intended direction and tried to go out Poydras Street towards the lake, when the collision occurred, defendant's car hitting his car on the rear right fender and driving it some fifteen feet from the point of collision and turning it in an up-town direction.

Both Chapman and the defendant, testify that after the collision, defendant's car continued to move until it was stopped on the river-side curbing of Camp Street some distance below Poydras--Chapman says, some one hundred feet from the point of collision. It is true that defendant's car was a much heavier car than Chapman's, but this fact convinces us that defendant's car must have been going at more than fifteen miles an hour, and, therefore, in excess of the speed limit. These two witnesses testify concerning the speed of Chapman's car as follows:

> CHAPMAN: "It was going pretty fast. It hit my car hard enough to almost drive the top out; he knocked the bumper off his car; he didn't stop for at least 100 feet after he hit me."

> DR. DANNA: (Direct Examination). I am sure I was within the speed limits. I am sure I was not going over twenty miles per hour.

> * * * *

> X. Q.--"You said you were going twenty miles an hour.
> X. A.--"No, I said less than twenty.
> X. Q.--"How much less, Doctor.
> X. A.--"I suppose 15 to 18 miles. I remember I slowed up at the corner, and in order to look in both directions to see if any other car was coming, as that is usually a very busy corner, and this was Sunday."

The traffic ordinance offered in evidence and covering the area in which the accident occurred, provides that no vehicle within said area should under any circumstances be driven at a greater speed than fifteen miles per hour. It is to be noted that if defendant "slowed up" because of the very busy

corner he was approaching, and under such conditions, was then going from fifteen to eighteen miles per hour, he must have been exceeding the speed limit at all times both before and after the accident. The car after the accident was not stopped within less than one hundred feet, and only after a collision of such severe impact as to strip defendant's bumper and extensively damage Chapman's car.

Defendant admits that his car was among the many down-going automobiles on the river-side car track of Camp Street and that because those in front of him were not moving fast enough for him, he turned out of traffic somewhere about the lower part of Lafayette Square, a distance of at least 125 feet from Poydras and Camp Streets, taking the up-going car track. He also admits that Camp Street was perfectly clear on that side of the street. From his shifted position to the lake side of Camp Street, he should, therefore, have seen any vehicle going out Poydras Street or turning at the intersection of Camp and Poydras Streets and should have had ample time to slow down and to blow his horn. None of these precautions he seems to have taken. The accident, in our opinion, was entirely due to the negligence of the defendant and there should be judgment for plaintiff'.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same hereby is reversed.

IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment for plaintiff, Maryland Motor Car Insurance Co., and against defendant, Joseph A. Danna, in the sum of Two Hundred and Sixty Three and 83⸱100 Dollars ($263.83), with legal interest thereon from judicial demand until paid, and for costs in both courts.

JUDGMENT REVERSED.                              JUNE 25, 1923.